IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DEUTSCHE BANK TRUST COMPANY AMERICAS, in its capacity as successor indenture trustee for certain series of Senior Notes, LAW DEBENTURE TRUST COMPANY OF NEW YORK, in its capacity as successor indenture trustee for certain series of Senior Notes, and WILMINGTON TRUST COMPANY, in its capacity as successor indenture trustee for the PHONES Notes,<br><br>Plaintiffs,<br><br>v.<br><br>JANICE M. MCGURN, AS TRUSTEE OF THE TRUST BY JANICE M. MCGURN U/A DTD 09/22/1987, et al.,<br><br>Defendants. | Case No. 8:11-cv-1510 (AW) |

## NOTICE OF STATUS REPORT AS OF NOVEMBER 29, 2011

Plaintiffs Deutsche Bank Trust Company Americas in its capacity as successor indenture trustee for a certain series of Senior Notes ("DBTCA"), Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for a certain series of Senior Notes ("Law Debenture"), and Wilmington Trust Company, in its capacity as successor indenture trustee for a certain series of Exchangeable Subordinated Debentures referred to as the PHONES Notes ("Wilmington Trust", and together with DBTCA and Law Debenture, the "Plaintiffs") respectfully submit this notice of status report (the "Status Report") to the Court and all defendants.

1.    After commencing this action, Plaintiffs moved this Court to enter a stay of proceedings for two principal reasons.[1]   First, the order of the United States Bankruptcy Court

---

[1] *See* Docket No. 21, Mem. of Law at 2-5.  On July 21, 2011, Plaintiffs filed an *Amended Motion to Stay Defendants' Time to Respond to the Complaint or Commence Motion Practice* (the "Amended Motion To Stay").

for the District of Delaware (the "Bankruptcy Court") that allowed Plaintiffs to initiate this action required the Plaintiffs immediately to seek a stay of this action, given that certain parties had filed pleadings seeking to have the Bankruptcy Court bar this and other related actions from proceeding. Second, the stay enables Plaintiffs to obtain a decision from the Judicial Panel on Multidistrict Litigation (the "Panel") regarding Plaintiffs' motion (the "Transfer Motion") to transfer this and 43 related actions pending in 21 different federal districts (the "Avoidance Actions") to the Southern District of New York for coordinated or consolidated pretrial proceedings, before the parties hereto commence litigating the merits of the case.

2.  On August 17, 2011, the Court entered an order granting the Amended Motion To Stay.[2]

3.  By this Status Report, Plaintiffs seek to apprise the Court of recent developments relating to the Bankruptcy Court proceedings and Transfer Motion.

4.  On October 31, 2011, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") issued a decision denying confirmation of both of the proposed plans of reorganization.[3] With respect to the Avoidance Actions, the Bankruptcy Court determined that issues regarding standing, preemption, and applicability of §546(e) are not valid objections to either plan, and are best left for determination by the courts in which the Avoidance Actions are pending.[4] Obviously, to the extent that the Transfer Motion is granted, the transferee court will rule on these defenses. The Bankruptcy Court did not, however, expressly revise its prior order directing Plaintiffs to stay the Avoidance Actions. As such, the Bankruptcy Court order directing a stay of these actions remains in effect at the present time.

---

*See* Docket No. 38.

[2] *See* Docket No. 60.

[3] *See In re Tribune Co.*, No. 08-13141, 2011 WL 5142420 (Bankr. D. Del. Oct. 31, 2011).

[4] *See id.*, *48.

5. Additionally, the Transfer Motion now has been fully briefed, and is scheduled for oral argument before the Panel on December 1, 2011.[5] We expect a ruling from the Panel during the month of December.

6. Plaintiffs are available at the Court's convenience should Your Honor require any additional information.

Dated:  November 29, 2011         Respectfully submitted,


          /s/ Anthony T. Pierce
Anthony T. Pierce, Esq. (D. Md. Bar No. 13321)
Jonah E. McCarthy, Esq. (D. Md. Bar No. 18223)
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
E-mail: apierce@akingump.com
        jmccarthy@akingump.com

and

Daniel H. Golden, Esq. (*pro hac vice*)
David M. Zensky, Esq. (*pro hac vice*)
Mitchell Hurley, Esq. (*pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email:  dgolden@akingump.com
        dzensky@akingump.com
        mhurley@akingump.com

---

[5] *See In re Tribune Fraudulent Conveyance Litigation*, MDL Case No. 2296 (Docket No. 925).

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2011, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record who have appeared in this case.

Dated: November 29, 2011     Respectfully submitted,

      /s/ Anthony T. Pierce
Anthony T. Pierce, Esq. (D. Md. Bar No. 13321)
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
E-mail: apierce@akingump.com