**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DEUTSCHE BANK TRUST COMPANY AMERICAS, in its capacity as successor indenture trustee for certain series of Senior Notes, LAW DEBENTURE TRUST COMPANY OF NEW YORK, in its capacity as successor indenture trustee for certain series of Senior Notes, and WILMINGTON TRUST COMPANY, in its capacity as successor indenture trustee for the PHONES Notes, | : : : : : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Case No. 8:11-cv-1510 (AW) |
| JANICE M. MCGURN, AS TRUSTEE OF THE TRUST BY JANICE M. MCGURN U/A DTD 09/22/1987, et al., | : : : : : : | |
| Defendants. | : | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTIONS TO DISMISS FILED BY DEFENDANTS PHONOVISUAL PRODUCTS, INC., REX STURM, REX STURM AS TRUSTEE OF THE REX L. STURM TRUST, AND THE REX L. STURM TRUST**

The four identical motions by Phonovisual Products, Inc. ("Phonovisual"), Rex Sturm as an individual, Rex Sturm as trustee of the Rex L. Sturm Trust, and The Rex L. Sturm Trust (the "Sturm Defendants") (together with Phonovisual the "Moving Defendants") to dismiss this action ("Motions to Dismiss") should be denied because the motions violate both the Local Rules and the Court's order staying this action.[1]

As an initial matter, the Motions to Dismiss should be denied because they violate the Local Rules of this Court. Rule 105.1 of the Local Rules – U.S. District Court for the District of Maryland requires that all motions be "accompanied by a memorandum setting forth the

---

[1] As explained below, Plaintiffs hereby oppose the Motions to Dismiss on these two procedural grounds, but expressly reserve all rights to respond substantively should the Court decide to consider the substance of the motions on this record alone.

reasoning and authorities in support of it." The obvious purpose of this Rule is to enable the responding party to effectively prepare a response and to enable the Court to rule on the merit of the motion. The Motions to Dismiss set forth five boilerplate grounds for dismissal: lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient service of process, and failure to state a claim upon which relief can be granted. Contrary to Local Rule 105.1, however, the Moving Defendants failed to set forth any reasoning whatsoever or cite to a single authority to support these five purported grounds for dismissal. Accordingly, the Motions to Dismiss violate Local Rule 105.1, and should therefore be denied.

Moreover, the Motions to Dismiss should be denied because they violate the Court's August 17, 2011 Order staying this action (the "Stay Order") [Docket No. 60]. Beginning in June 2011 and pursuant to the April 25, 2011 order by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") in the related chapter 11 proceeding (the "Bankruptcy Proceeding") titled *In re Tribune Co., et al.* (Case No. 08-13141 [KJC] (the "Bankruptcy Court Order"),[2] Plaintiffs commenced 50 constructive fraudulent conveyance actions in 22 states against thousands of former shareholders of Tribune (the "Creditor SLCFC Actions"), arising out of the disastrous 2007 leveraged buy-out of Tribune.[3] The Bankruptcy Court Order authorized the commencement of the Creditor SLCFC Actions, but required Plaintiffs to move to stay all Creditor SLCFC Actions, including this case, until further order of the Bankruptcy Court. Bankruptcy Court Order ¶¶ 2, 3.

---

[2] The Bankruptcy Court Order is attached as Exhibit A to the Declaration of David Zensky in Support of the Initial Stay Motion [Docket No. 15] and Exhibit B to the complaint filed in this action on June 2, 2011 (the "Complaint") [Docket No. 1].

[3] Plaintiffs commenced more than one action in 19 of the 22 states in which the Creditors SLCFC Actions were brought to address actual, potential, arguable or claimed ethical and business conflicts of interest involving Plaintiffs' counsel and certain defendants.

In accordance with the Bankruptcy Court Order, Plaintiffs moved for a stay pending further order of this Court or Judge Carey [Docket No. 38].  Among other reasons, Plaintiffs sought the stay based on their pending motion to transfer this case to a single "MDL court" for coordinated pre-trial proceedings with the other Creditor SLCFC Actions, and because Plaintiffs (and many defendants) believe judicial economy would best be served by staying litigation of issues common to all of transferred cases, until such issues can be briefed and determined on a coordinated schedule by the MDL court.  [*See, e.g.*, ECF No. 38-2 at 8-11.][4]  It is common for federal district courts, in the Fourth Circuit and others, to stay cases while a motion to transfer is pending before the MDL Panel.  *See, e.g.*, *Brandt v. BP, PLC*, No. 10-cv-01460, 2010 WL 2802495, at *1-2 (D.S.C. July 14, 2010) ("[c]ourts frequently grant stays in cases when an MDL decision is pending."); *Namovicz v. Cooper Tire & Rubber Co.*, 225 F. Supp 2d 582, 585 (D. Md. 2001) (granting stay pending MDL transfer ruling because "[a] stay is necessary to ensure that, in the event consolidation of all cases for pre-trial litigation is ordered, there is consistent treatment of the numerous lawsuits and that judicial resources are not wasted."); *Urynowicz v. Johnson & Johnson*, No. 11-cv-01703, 2011 WL 4435078, at *2 (D. Colo. Sept. 23, 2011) (holding that stay pending MDL decision was appropriate).

On August 17, 2011, the Court granted Plaintiffs' motion to stay and entered the Stay Order.  The Stay Order stays all defendants' time to respond to the operative complaint or commence motions practice until further order of this Court or the Bankruptcy Court.  To date, there has been no such further order of this Court or the Bankruptcy Court, and the Stay Order remains in effect.  Thus, the motions to dismiss filed by Moving Defendants violate the Stay Order, and should therefore be denied.

---

[4] On December 1, 2011, the MDL Panel heard Plaintiffs' MDL Motion.  Given the customary time for a ruling subsequent to oral argument on transfer motions, the MDL Panel should decide the MDL Motion prior to the end of the year.

As noted above, because the Moving Defendants failed to provide any reasoning or authorities whatsoever to support their five purported grounds for dismissal, Plaintiffs cannot effectively prepare a substantive opposition and expressly reserve all rights to do so.  If, however, the Court should decide to consider the substance of the five purported grounds now, on this record alone, which Plaintiffs do not believe it should, Plaintiffs oppose each of the purported grounds as not supported by applicable law and entirely without merit for the general reasons explained below.[5]

First, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b) because this Action is "related to" the jointly administered Tribune bankruptcy cases currently pending in the Bankruptcy Court insofar as, among other things: (a) this action was commenced pursuant to the Bankruptcy Court Order; (b) the Bankruptcy Court has retained jurisdiction to hear and decide disputes relating to or arising from the Bankruptcy Court Order; and (c) a judgment in favor of Plaintiffs in this action, which provides them with an additional source of recovery, may affect the ultimate distributions the Pre-LBO Noteholders (as defined in the Second Amended Complaint) are entitled to receive on account of their allowed claims from– (i) the Tribune bankruptcy estates and (ii) litigation trusts to be established under any confirmed plan of reorganization.

Second, pursuant to M.D. Code Ann. Cts. & Jud. Proc. § 6-102, this Court has personal jurisdiction over (1) the Sturm Defendants because Rex Sturm resides in Maryland, and (2) Phonovisual because it is (a) licensed to conduct business within Maryland and/or (b) upon information and belief regularly transacts or solicits business in Maryland, derives substantial

---

[5] Should the Court decided to consider the substance of the motions, Plaintiffs respectfully request the opportunity to file a full responsive pleading as permitted by the Federal Rules of Civil Procedure.

revenue from goods used or services rendered in Maryland, derives substantial revenue from interstate or international commerce, or maintains relations to or engages in any other persistent course of conduct in Maryland sufficient to afford a basis for the exercise of personal jurisdiction.

Third, venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because (1) Rex Sturm and/or one of the other Shareholder Defendants (as defined in the Second Amended Complaint) resides in this District and all of the Shareholder Defendants reside in Maryland, (2) a substantial part of the events or omissions giving rise to the claims in this action occurred, or a substantial part of the property that is the subject of this action is situated, in this District, or (c) Rex Sturm and/or at least one of the other Shareholder Defendants was subject to the personal jurisdiction of this Court at the time the action was commenced.

Fourth, service of process – to the extent it has even occurred – was sufficient.  Despite asserting that service of process was insufficient, the Sturm Defendants have not yet been served, and their motions to dismiss should be denied as premature for that reason alone.[6]   The remaining defendant, Phonovisual, was served on October 17, 2011 pursuant to Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure by serving its Registered Agent, The Corporation Trust Incorporated, located at 351 West Camden Street, Baltimore, Maryland 21201.

Finally, the allegations contained in the Second Amended Complaint adequately state a constructive fraudulent-transfer claim pursuant to the laws of New York, Massachusetts, and Illinois.  *See generally* N.Y. DEBT. & CRED. LAW §§ 270 *et seq.*; MASS. GEN. LAWS ch.

---

[6] Despite substantial efforts, Plaintiffs have been unable thus far to serve the Sturm Defendants.  The Sturm Defendants were first named in the Second Amended Complaint, which was filed on September 28, 2011.  Since the filing of the Second Amended Complaint, Plaintiffs made multiple attempts to serve the Sturm Defendants at multiple addresses in Maryland without success.  In addition, Plaintiffs have reached out to counsel to obtain an address for the Sturm Defendants or obtain a waiver of service, but received no response.  However, Plaintiffs recently identified an additional address for Mr. Sturm and will attempt to serve the Sturm Defendants at that address shortly.

109A, §§ 1 *et seq.*; 740 ILL. COMP. STAT. 160/1 *et seq.*  Indeed, the Second Amended

Complaint alleges, in great detail, facts sufficient to render plausible Plaintiffs claims that: (1)

Tribune made the Shareholder Transfers without receiving reasonably equivalent value or fair

consideration in exchange therefore; and (2) the Shareholder Transfers were made when

Tribune– (a) was, or was thereby rendered, insolvent, (b) was engaged, or was about to engage,

in a business or a transaction for which any property remaining with Tribune was an

unreasonably small capital, or (c) intended to incur, or believed that it would incur, debts that

would be beyond Tribune's ability to pay as such debts matured.  (*See*, *e.g.*, Second. Am.

Compl., ¶¶ 1-12.)  In addition, Plaintiffs have adequately alleged that each of the Moving

Defendants either: (1) was a legal or beneficial owner of Tribune's common stock that was

purchased, repurchased, or redeemed by Tribune in connection with the LBO, or (2) received

proceeds of the Shareholder Transfers.  (*See*, *e.g.*, Second Am. Compl., at Ex. A.)

 For the foregoing reasons, Plaintiffs respectfully request the Court deny each of the

motions to dismiss filed by Moving Defendants.

Dated:  December 8, 2011   Respectfully submitted,


     /s/ Anthony T. Pierce
    Anthony T. Pierce, Esq. (D. Md. Bar No. 13321)
    Jonah E. McCarthy, Esq. (D. Md. Bar No. 18223)
    AKIN GUMP STRAUSS HAUER & FELD LLP
    1333 New Hampshire Avenue, NW
    Washington, DC 20036
    Telephone: (202) 887-4000
    Facsimile: (202) 887-4288
    E-mail: apierce@akingump.com
      jmccarthy@akingump.com

    and

    Daniel H. Golden, Esq. (*pro hac vice*)

David M. Zensky, Esq. (*pro hac vice*)
Stephen M. Baldini, Esq. (*pro hac vice*)
Mitchell Hurley, Esq. (*pro hac vice*)
Deborah J. Newman, Esq. (*pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email: dgolden@akingump.com
        dzensky@akingump.com
        sbaldini@akingump.com
        mhurley@akingump.com
        dnewman@akingump.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 8, 2011, I will electronically file the foregoing with the

Clerk of the Court using the CM/ECF system, which will then send a notification of such filing

(NEF) to all counsel of record who have appeared in this case.

Dated:  December 8, 2011                    Respectfully submitted,


                    /s/ Anthony T. Pierce
                    Anthony T. Pierce, Esq. (D. Md. Bar No. 13321)
                    AKIN GUMP STRAUSS HAUER & FELD LLP
                    1333 New Hampshire Avenue, NW
                    Washington, DC 20036
                    Telephone: (202) 887-4000
                    Facsimile: (202) 887-4288
                    E-mail:  apierce@akingump.com