**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| DEUTSCHE BANK TRUST COMPANY AMERICAS, *et al.* | *<br>*<br>* |
| Plaintiffs | * |
| v. | *   Civil Action No. 8:11-CV-1510-AW |
| JANICE M. MCGURN, *et al.* | * |
| | * |
| Defendants | * |

**MARYLAND STATE RETIREMENT AND PENSION SYSTEM'S**
**MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF FROM STAY AND**
**FOR LEAVE TO FILE MOTION TO DISMISS**

The Maryland State Retirement and Pension System ("MSRPS"), a defendant, by its attorneys, hereby submits this memorandum in support of its Motion for Relief from Stay and for Leave to File Motion to Dismiss. In this Memorandum, MSRPS will demonstrate that it should be granted (1) relief from the Court's August 17, 2011 Order granting plaintiffs' Amended Motion to Stay and (2) leave to file a Motion to Dismiss.

MSRPS submits that, particularly in light of a recent order from the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court"), the stay in this litigation should be lifted so that the preempted state law claims asserted against MSRPS, a governmentally-immune state retirement and pension fund, may be dismissed. Because significant trust and retirement funds are encumbered as a result of this action, MSRPS seeks a ruling on these jurisdictional challenges by this Court without delay.

## PROCEDURAL HISTORY AND BACKGROUND

Plaintiffs initiated this action on June 2, 2011, by filing their Complaint asserting state law claims purportedly arising under New York, Illinois, and Massachusetts law. Doc. 1. Plaintiffs filed similar lawsuits against different defendants in multiple state and federal forums across the country.

On August 17, 2011, the Court entered its Order granting plaintiffs' Amended Motion to Stay, granting plaintiffs the relief sought by their Motion, pending further order of this Court or the Bankruptcy Court for the District of Delaware. Doc. 60. The Order granting the Amended Motion to Stay stayed the time for defendants here to undertake motions practice or file responsive pleadings.

In making their Motion to Stay and Amended Motion to Stay, plaintiffs asserted that the Bankruptcy Court's confirmation of a plan of reorganization, and resolution of objections thereto, may impact plaintiffs' claims in this action. Plaintiffs asserted:

> Courts recognize that a stay is appropriate where, as here, another pending matter could have a substantial impact on that litigation. . .The connection between the Bankruptcy Court's pending determination of the Plan Opponent's objection, and the Creditor SLCFC claims asserted here, justifies the stay.

Doc. 38-2, at p. 7 (citations omitted). Plaintiffs also sought a stay because they planned to file a motion for transfer with the Judicial Panel on Multidistrict Litigation.

Plaintiffs filed an Amended Complaint on August 22, 2011. Doc. 63. On August 25, 2011, plaintiffs filed with the Judicial Panel on Multidistrict Litigation their Motion to Transfer Actions, including this case, to the Southern District of New York for

Coordinated or Consolidated Pretrial Proceedings pursuant to 28 U.S.C. §1407. *See* Exhibit 1 attached hereto.

Pursuant to this Court's Order permitting them to do so, plaintiffs filed their Second Amended Complaint on September 28, 2011. The Second Amended Complaint (hereinafter, the "Complaint") modified the operative pleading and added additional defendants. On October 31, 2011, the Bankruptcy Court issued an Order Denying Confirmation of Competing Plans. In its accompanying 126-page Opinion on Confirmation, the Bankruptcy Court stated:

> [I]n the April 25 Order I expressly declined to determine whether any right to file SLCFC claim reverted to the creditors. All claims and defenses related to the SLCFC claims, including whether such claims are preempted or otherwise impacted by §546(e) were expressly reserved under the terms of the April 25 Order.
>
> I reserved this issue for further consideration in connection with confirmation, but consistent with my decision in connection with the SLCFC Motion, **I conclude that issues regarding standing, preemption, and applicability of §546(e) are best left for determination by the courts hearing these claims.**

Doc. 10134, *In re Tribune Co.*, No. 08-13141 (KJC) (Bankr. D. Del. Oct. 31, 2011) at p. 98 (emphasis added).

Given the Bankruptcy Court's Order, the primary reason for plaintiffs' requested stay no longer exists. The Bankruptcy Court declared that it is best for this Court to determine issues regarding standing, preemption, and the applicability of §546(e). Given the lack of standing against MSRPS, it requests leave to lift the stay and file a motion to

dismiss the Complaint against it pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

MSRPS respectfully asks the Court to grant it relief from the Court's August 17, 2011 Order, and leave to file its Motion to Dismiss Plaintiffs' Second Amended Complaint in the form attached hereto as Exhibit 2 and its supporting Memorandum attached hereto as Exhibit 3. MSRPS submits that this Court properly may consider its Motion to Dismiss despite plaintiffs' Motion to Transfer Actions before the Judicial Panel on Multidistrict Litigation, which heard oral argument on the transfer issue on December 1, 2011.

## ARGUMENT

**I.      The Court Enjoys Broad Discretion to Grant Relief from the Stay Order.**

This Court has inherent power and broad discretion to modify its Stay Order. *Smith v. Massachusetts*, 543 U.S. 462, 475-76 (2005) (Ginsburg, J., dissenting); *United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982) ("A district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment. . ."); Fed.R.Civ.P. 54(b); *see also Brooks v. Prestige Fin. Servs., Inc*., No. 11-cv-2370-AW, 2011 U.S. Dist. LEXIS 118821 (D. Md. Oct. 14, 2011).

**II.     A Subject Matter Jurisdiction Challenge Takes Precedence Over All Other Proceedings, Including a Stay Order.**

The determination of jurisdiction presents a fundamental question--whether a court has the power to act. Federal courts have limited jurisdiction, and they possess only that power authorized by the Constitution and statutes. *Kokkonen v. Guardian Life Ins.*

4

*Co. of Am.*, 511 U.S. 375, 377 (1994); *Barber v. Int'l Union, United Auto., Aerospace & Agric. Workers of Am.*, 640 F.3d 599 (4th Cir. 2011); *Youssefi v. Renaud*, No. 10-cv-00428-AW, 2011 U.S. Dist. LEXIS 25181 (D. Md. March 11, 2011). A court's power may not "be expanded by judicial decree." *Kokkonen,* 511 U.S. at 377. Indeed, a court should presume that an action lies outside its limited jurisdiction, *id.*, and answer the fundamental question of jurisdiction even when not raised by the parties. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005); *Ill. Mun. Ret. Fund v. Citigroup Inc.*, 391 F.3d 844, 851 (7th Cir. 2004) (upholding remand following entry of conditional transfer by Judicial Panel for Multidistrict Litigation). Thus, courts must establish jurisdiction as a threshold matter. *Steel Co.,* 523 U.S. at 94-95; *United States v. Moussaoui*, 483 F.3d 220, 226 (4th Cir. 2007).

"Without jurisdiction, the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court if that of announcing the fact and dismissing the cause." *Steel Co.,* 523 U.S. at 94 (quoting *Ex parte McCardle*, 74 U.S. 506, 7 Wall 506, 514 (1869)); *see also Panhandle Eastern Pipe Line Co. v. Fed. Power Comm'n*, 343 F.2d 905, 908 (8th Cir. 1965) ("A court without jurisdiction has no power to adjudicate but can only dismiss the proceeding for lack of jurisdiction.").

"The party asserting jurisdiction bears the burden of 'demonstrating that jurisdiction does, in fact, exist,' and a federal court is obliged to dismiss whenever it

appears the court lacks subject matter jurisdiction." *Martinez v. Duke Energy Corp.*, 130 Fed. Appx. 629, 634 (4th Cir. 2001) (quoting *Lowery v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999)). Absent jurisdiction, a court many not act except to dismiss or remand the action before it. *Steel Co.,* 523 U.S. at 94. "Where a federal court proceeds in a matter without first establishing that the dispute is within the province of controversies assigned to it by the Constitution and statute, the federal tribunal poaches upon the territory of a coordinate judicial system, and its decisions, opinions and orders are of no effect." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548 (5th Cir. 1981).

Once its subject matter is questioned, the court must satisfy its first and fundamental duty to determine if it has the power to adjudicate any issues. If it determines that it lacks jurisdiction, then the court may take no action, even that of granting a stay. *Bancohio Corp. v. Fox*, 516 F.2d 29, 32 (6th Cir. 1975) ("No matter how desirable respondents feel it may be to consolidate [in the MDL]. . . [s]uch a transfer cannot be made unless the district court properly has jurisdiction of the subject matter of the case."). MSRPS submits that this Court lacks jurisdiction over the claims against it, and it is entitled to proceed with its jurisdictional challenge without delay.

### III. The Pending Motion Seeking Transfer to Another Court as Part of Multidistrict Litigation Supports Consideration of the Motion to Dismiss Now.

Judicial efficiency and economy are best served by considering subject matter jurisdiction before a case is transferred to a Multidistrict Litigation ("MDL") court. *Barragan v. Warner-Lambert Co.*, 216 F.Supp.2d 627, 630 (W.D. Tex. 2002). This

Court and others have rejected efforts to delay or forego a jurisdictional challenge when considering whether to stay proceedings pending an MDL transfer. *Bendy v. C.B. Fleet Co.,* No. CCB-10-3385, 2011 U.S. Dist. LEXIS 32228 (March 28, 2011) (case remanded following motion to stay pending decision on MDL consolidation); *Stephens v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc.,* No. RDB-11-1603, 2011 U.S. Dist. LEXIS 92585 (Aug. 18, 2011) (rejecting efforts to defer consideration of motion to remand while transfer to MDL was pending). In *Lloyd v. Cabell Huntington Hospital, Inc.,* 58 F.Supp.2d 694, 696 (S.D. W.Va. 1999), for example, the court remanded on jurisdiction grounds and denied a pending motion to stay as moot, finding that it could not stay proceedings in an action over which it lacked jurisdiction. *See also Pennsylvania v. TAP Pharm. Prods., Inc*., 415 F.Supp.2d 516, 521 (E.D. Pa. 2005) ("[G]ranting a stay solely based on the existence of a factually-related MDL proceeding, without undertaking an individualized analysis of subject matter jurisdiction, would run counter to established case law, congressional intent, and JPML Rule [2.1], all of which contemplate a district court will act to resolve threshold jurisdictional concerns."); *Stern v. Mut. Life Ins. Co. of N.Y*., 968 F.Supp. 637, 639 (N.D. Ala. 1997) ("If the court lacks jurisdiction over the action *ab initio*, it is without jurisdiction to enter such a stay. It is incumbent upon a court whose subject matter jurisdiction is questioned to make a determination as to whether it has, or does not have, jurisdiction over the action. This determination involves no issues that the putative transferee court in the multi-district action would be uniquely qualified to address.")

The mere pendency of a Motion to Transfer before an MDL Panel does not in any way limit this Court's jurisdiction to rule upon matters properly presented to it for decision. *General Elec. Co. v. Byrne*, 611 F.2d 670 (7th Cir. 1979); JPML Rule 2.1(d) ("Pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court."). Thus, this Court may still rule on a pending motion to dismiss despite a possible conditional transfer order. *Meyers v. Bayer AG*, 143 F.Supp.2d 1044, 1044 (E.D. Wis. 2001). *See also Kopitke v. DePuy Orthopedics, Inc.*, 2011 WL 856865 (N.D. Ill. March 8, 2011) (denying stay and granting remand following entry of conditional transfer order); *Ill. Mun. Ret. Fund v. Citigroup, Inc., supra*, 391 F.3d at 852 ("We will not require a district court that believes it lacks subject matter jurisdiction over a case to facilitate a transfer under § 1407, a statute that does not itself confer jurisdiction.").

This action seeks a public employee pension and retirement fund, operated as a fiduciary trust, to disgorge hundreds of thousands of dollars designated as retirement funds. Allowing plaintiffs to transfer this case to a foreign district without addressing MSRPS's jurisdictional challenge would unfairly burden and prejudice a state sovereign party over which this Court lacks subject matter jurisdiction.

## CONCLUSION

Plaintiffs cannot maintain a claim against MSRPS because their state law claims are preempted and this Court lacks subject matter jurisdiction over the claims. This Court retains the discretion to decide this Motion, while the MDL application is pending and even if the MDL Panel enters a conditional transfer order. Given the sovereign immunity issues unique to MSRPS, substantial cause exists to grant this Motion, lift the Stay, and permit MSRPS to file its Motion to Dismiss.

Respectfully submitted,

DOUGLAS F. GANSLER
Attorney General of Maryland

_____/s/_____
JOHN J. KUCHNO
Federal Bar No. 04211

Assistant Attorney General
Office of the Attorney General
200 St. Paul Place, 20th Floor
Baltimore, Maryland 21202
Telephone: (410) 576-6441
Facsimile:  (410) 576-6955
Email:  jkuchno@oag.state.md.us

Attorneys for Defendant, the Maryland State Retirement and Pension System

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of December, 2011, a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record who have appeared in this case.

_____/s/_____
John J. Kuchno
Assistant Attorney General