**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DEUTSCHE BANK TRUST COMPANY AMERICAS, *et al.* | * | |
| | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No. 8:11-CV-1510-AW |
| JANICE M. MCGURN, *et al.* | * | |
| | * | |
| Defendants | * | |

**MARYLAND STATE RETIREMENT AND PENSION SYSTEM'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

The Maryland State Retirement and Pension System ("MSRPS" or "System"), a defendant, hereby submits this Memorandum in support of its Motion to Dismiss plaintiffs' Second Amended Complaint (hereinafter, "Complaint"). In this Memorandum, MSRPS will demonstrate that plaintiffs' claims against it in the Complaint are barred by the Eleventh Amendment and the doctrine of sovereign immunity. Accordingly, those claims should be dismissed.

## BACKGROUND

This action arises from the leveraged buyout ("LBO") of the Tribune Company ("Tribune"). Complaint, Doc. 86, at ¶ 1. Plaintiffs Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for a certain series of Senior Notes, Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for a certain series of Senior Notes, and Wilmington Trust Company, in

its capacity as successor indenture trustee for the PHONES Notes, assert claims against at least 68 individual defendants, including MSRPS, and an undetermined number of unidentified parties, who held shares of certain Tribune common stock, and seek to certify as a class other former Tribune shareholders, similarly asserting claims against them. *Id*. at ¶¶ 22-38. Plaintiffs allege they are entitled to the cash received by these shareholders when they sold their Tribune stock. *See, e.g.*, *id*. at ¶¶ 109-14. They seek to avoid and recover, as constructively fraudulent conveyances, transfers of proceeds received by each defendant in connection with the LBO. *Id*. at ¶ 2.

The Complaint contains seven counts, "under alternatively New York, Illinois, and Massachusetts law, which provide essentially identical statutory remedies," Doc. 54 at p. 2: constructive fraudulent transfer against the named shareholder defendants and the shareholder class representatives, pursuant to N.Y. DEBT. & CRED. LAW §§ 273, 278 & 279 (Count One); constructive fraudulent transfer against the named shareholder defendants and the shareholder class representatives, pursuant to N.Y. DEBT. & CRED. LAW §§ 274, 278 & 279 (Count Two); constructive fraudulent transfer against the named shareholder defendants and the shareholder class representatives, pursuant to N.Y. DEBT. & CRED. LAW §§ 275, 278 & 279 (Count Three); constructive fraudulent transfer against the named shareholder defendants and the shareholder class representatives, pursuant to 740 ILL. COMP. STAT. 160/5(a)(2), 160/8 & 160/9 (Count Four); constructive fraudulent transfer against the named shareholder defendants and the shareholder class representatives, pursuant to 740 ILL. COMP. STAT. 160/6(a), 160/8 & 160/9 (Count Five); constructive fraudulent transfer against the named shareholder

defendants and the shareholder class representatives, pursuant to MASS. GEN. LAWS ch. 109A, §§ 5(a)(2), 8 & 9 (Count Six); and constructive fraudulent transfer against the named shareholder defendants and the shareholder class representatives, pursuant to MASS. GEN. LAWS ch. 109A, §§ 5(a)(2), 8 & 9 (Count Seven).

The claims against MSRPS should be dismissed because they are barred by the Eleventh Amendment and sovereign immunity under Maryland law.

## ARGUMENT

## I. THE ELEVENTH AMENDMENT BARS SUIT AGAINST MSRPS IN FEDERAL COURT.

All claims against MSRPS should be dismissed because the State of Maryland cannot be sued in federal court without a valid waiver or abrogation of its sovereign immunity. *See* U.S. Const., amend. XI; *Board of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). This immunity extends to government entities properly characterized as "arms of the [s]tate." *Northern Ins. Co. v. Chatham Cnty.*, 547 U.S. 189, 193 (2006). As a retirement and pension system created and maintained by the State for its employees, MSRPS clearly stands as an arm of the state for sovereign immunity purposes.

### A. Arm of the State Standard.

Numerous courts have concluded that various state-sponsored retirement and pension systems are arms of the state. *See, e.g.*, *McGinty v. New York*, 251 F.3d 84 (2d Cir. 2001) (New York State and Local Employees' Retirement System); *N.M. ex rel. Nat'l Educ. Ass'n of N.M., Inc. v. Austin Capital Mgmt. Ltd.*, 671 F.Supp.2d 1248 (D.

N.M. 2009) (New Mexico Education Retirement Board); *Cal. Pub. Emps. Ret. Sys. v. Moody's Corp.*, Nos. C 09-03628 SI, C 09-03629 JCS, 2009 U.S. Dist. LEXIS 110756 (N.D. Cal. Nov. 10, 2009); *Turner v. State of Ind. Teachers' Ret. Fund*, No. 1:07-cv-1637-DFH-JMS, 2008 U.S. Dist. LEXIS 44971 (S.D. Ind. June 5, 2008); *Kan. Pub. Emps. Ret. Sys. v. Boatmen's First Nat'l Bank of Kansas City*, 982 F.Supp. 806 (D. Kan. 1997); *Hair v. Tenn. Consol. Ret. Sys.*, 790 F.Supp. 1358 (M.D. Tenn. 1992); *Mello v. Woodhouse*, 755 F.Supp. 923 (D. Nev. 1991) (Public Employees' Retirement Board of the State of Nevada and Nevada Legislators' Retirement System); *Props., Inc. v. Romney*, 360 F.Supp. 1322 (N.D. Tex. 1973) (New York State Teachers' Retirement System). *See also Pub. Emps. Ret. Ass'n of N.M. v. Clearlend Sec.*, No. 10-CV-1102 JEC/DJS. 2011 U.S. Dist. LEXIS 81788, at *12 (D. N.M. July 18, 2011) ("Unique to the backdrop of this case is the presence of overwhelming authority establishing that state pension programs have been found to be 'arms of the state' by virtually every court considering that question.").

The Fourth Circuit utilizes "a nonexclusive list of four factors" for the "arm of the state" determination. *S.C. Dep't of Disabs. and Special Needs v. Hoover Universal, Inc.*, 535 F.3d 300, 303 (4th Cir. 2008). One factor, however, dominates the inquiry—"whether the state treasury is 'obligated' for the 'losses and debts' of the entity under scrutiny." *Ristow v. S.C. Ports Auth.*, 58 F.3d 1051, 1052 (4th Cir. 1995) (quoting *Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 48 (1994)). The issue is whether the state treasury would be affected by the lawsuit against the entity. *Harter v. Vernon*, 101 F.3d 334, 340 (4th Cir. 1996). The test is a practical one--economic support provided to the

government entity satisfies the "treasury" test, even without "liability per se on the state for judgments against" the agency. *Ristow,* 58 F.3d at 1053.

The other factors to consider in the arm of the state analysis are: the degree of autonomy that the entity enjoys; whether it is involved in state or local concerns; and the manner in which the state treats the entity. *Ram Ditta v. Md. Nat'l Capital Park & Planning Comm'n*, 822 F. 2d 456, 457-58 (4th Cir. 1987).

### B. MSRPS Is an Arm of the State Entitled to Eleventh Amendment Immunity.

Under these criteria, MSRPS easily passes the tests of the sovereign immunity analysis. The State of Maryland created MSRPS to pay retirement allowances and other benefits to its employees, and has established an extensive statutory scheme to govern the operation of the System. *See generally* Md. Code Ann., State Pers. & Pens. ("SPP") Division II (2009). Critically, the State of Maryland guarantees the payment of all MSRPS's pension obligations, and annually makes payments to the System to address the System's unfunded accrued liabilities. SPP §§ 21-302, -304 and -308; *accord, Milliman, Inc. v. Md. State Ret. & Pension Sys.*, 421 Md.130, 164, 25 A.3d 988, 1008 (2011).[1]

---

[1] While not addressing the issue of sovereign immunity or the "arm of the state" analysis under federal law, *Milliman* acknowledges the interrelationship between MSRPS and the State "because, inter alia, the State serves as guarantor of System pension liabilities." 421 Md. at 164, 25 A.3d at 1008. The case considered an affirmative claim by MSRPS against an actuary (Milliman) and discussed Milliman's potential claim for offset of damages against the State. Noting that the assets of the System and the State are separately held, the Maryland Court of Appeals refused to consider Milliman's argument that the measure of damages owed to the System should reflect the impact of Milliman's actuarial errors on the State because Milliman had failed to join the State as a party to the proceedings. *Id*. at 136-37, 25 A.3d at 993. The fact that MSRPS's funds are held separately from those in the State treasury, however, does not prevent a finding that MSRPS is an arm of the state. *See, e.g., Pub. Sch. Ret. Sys. of Mo. v. State St. Bank & Trust Co.,* 640 F.3d 821, 830 (8th Cir. 2011)(noting that "the Retirement Systems' funds are in the Board's custody and are not to be placed into the Missouri treasury's custody or commingled with the State's funds"); *Scott v. Pub. Sch. Ret. Sys. of Mo*., No. 09-4241-CV-C-NKL, 2010 U.S. Dist. LEXIS 99661, at *6 (W.D. Mo. Sept. 21, 2010) (unpublished)(discussing "the de jure segregation of PSRS's funds from the Missouri State Treasury").

Given the economic support by the State for MSRPS, which receives state funding and is protected by a state guaranty, a judgment against the System implicates State treasury, and therefore involves the "core concern" of the Eleventh Amendment. *Ristow*, 58 F.3d at 1054-55 (the fact that South Carolina "provides whatever economic support is necessary over and above the Port Authority's net revenues to insure its continued vitality" immunized the Authority from suit).

The same rationale was recently applied in two separate decisions within this circuit holding that the West Virginia Investment Management Board, trustee to all of West Virginia's public pension plans, is an arm of the state. *W. Va. Inv. Mgmt. Bd. v. Variable Annuity Life Ins. Co.,* No. 2:09-cv-1335, 2010 U.S. Dist. LEXIS 75604 (S.D. W.Va. July 26, 2010); *W. Va. Inv. Mgmt. Bd. v. Residential Accredited Loans, Inc.,* No. 2:10-cv-461, 2010 U.S. Dist. LEXIS 89144 (S.D. W.Va. August 26, 2010). Both cited a statutory requirement that the state fund or "make up" the system's unfunded liabilities. *Variable Annuity*, 2010 U.S. Dist. LEXIS 75604, at *4; *Residential*, 2010 U.S. Dist. LEXIS 89144, at *4. Even more recently, another district court determined that a judgment that would reduce the amount of the unfunded liability of a state retirement system weighed in favor of finding that the system was an arm of the state. *Indiantown Cogeneration, L.P. v. Century Coal, LLC,* No. 3:09CV398, 2011 U.S. Dist. LEXIS 94331 (W.D. N.C. Aug. 23, 2011).

Other courts concur that MSRPS is an arm of the State entitled to sovereign immunity. Most recently, the United States Bankruptcy Court for the Southern District of Florida dismissed fraudulent transfer claims against MSRPS on sovereign immunity

grounds. *Dillworth v. Ginn*, No. 08-29769-BKC-PGH (Bankr. S.D. Fla. Feb. 17, 2011) (Order attached hereto as Ex. 1). Maryland courts have also recognized MSRPS's immunity from suit. *See Bd. of Cnty. Comm'rs of Carroll Cnty. v. State Ret. & Pension Sys. of Md.*, No. C-2001-34414 (Md. Cir. Ct. 2002) (Memorandum Op. and Order attached hereto as Ex. 2); *Jacobs v. State Ret. Agency of Md.*, No. C-2004-96477 (Md. Cir. Ct. Aug. 11, 2004) (Memorandum Op. attached hereto as Ex. 3).

The remaining factors considered by the Fourth Circuit in the arm of the state analysis similarly support that determination here. While MSRPS exercises certain autonomy, it is inextricably connected to the State. MSRPS was created by State statute to serve the important public function of providing retirement benefits to State workers. SPP § 21-101. Its functions and duties are set forth in the State Personnel and Pensions Article, including the composition of its Board of Trustees, the majority of whose members are appointed by the Governor and include the State Treasurer, who serves as chair, the Secretary of Budget and Management, the State Comptroller, and elected or appointed representatives of each of the ten retirement systems comprising MSRPS. *Id.* at § 21-104. The State Treasurer serves as custodian of the assets of the System. *Id.* at § 21-124. The System is subject to compliance audits of its accounts and transaction by the State's legislative auditor. *Id.* at § 21-127. Employees of the State Retirement Agency--also created pursuant to statute--are State employees. *Id.* at § 21-118(c). MSRPS is subject to the Maryland Administrative Procedure Act. *Id.* at § 21-111(b); *State Ret. and Pension Sys. v. Thompson*, 368 Md. 53, 792 A.2d 277 (2002). Pursuant to statute, the

System receives its legal representation from the Maryland Attorney General's Office. SPP § 21-107.

Established by State law to serve employees and retirees, most of who were or are State employees, MSRPS unquestionably deals primarily with state as opposed to local concerns The third factor of the analysis thus weighs heavily in favor of finding that MSRPS is an arm of the State.

Finally, MSRPS is treated as a state entity under state law. An extensive scheme under state law outlines its creation, composition, funding, financial guarantees and duties, as set forth above. State courts thus have recognized that MSRPS is an arm of the state entitled to sovereign immunity under Maryland law. *See* Exs. 2, 3. That conclusion remains equally true under the federal "arm of the state" analysis. Because MSRPS enjoys sovereign immunity under the Eleventh Amendment, the Complaint against MSRPS should be dismissed.

## II. STATE LAW CLAIMS AGAINST MSRPS ARE BARRED BY STATE SOVEREIGN IMMUNITY.

Sovereign immunity from suit, "one of the highest attributes of sovereignty enjoyed by the State, . . . precludes a litigant from asserting an otherwise meritorious cause of action against the State or one of its agencies, unless the immunity has been expressly waived." *Md. State Highway Admin. v. Kim*, 353 Md. 313, 332, 726 A.2d 238, 248 (1999) (citations omitted). The doctrine, "rooted in the ancient common law, is firmly embedded in the law of Maryland." *Katz v. Wash. Sub. Sanitary Comm'n*, 284 Md. 503, 507, 397 A.2d 1027, 1030 (1979) (citing cases). Sovereign immunity "is

applicable not only to the State itself, but also to its agencies and instrumentalities," and only the General Assembly can waive the State's sovereign immunity. *See, e.g., id.* at 507-08, 397 A.2d at 1030. In the absence of specific legislative authority to sue, and an appropriation by the General Assembly for the payment of a judgment, sovereign immunity bars any action brought against the State and its agencies, including actions seeking declaratory or injunctive relief. *Davis v. State*, 183 Md. 385, 393, 37 A.2d 880, 885 (1944); *Wiggins v. State*, 22 Md. App. 291, 295, 324 A.2d 172, 175 (1974), *aff'd*, 275 Md. 689, 344 A.2d 80 (1975). The state law fraudulent claims against MSRPS should be dismissed because they are barred by sovereign immunity under Maryland law.

Although the Maryland Tort Claims Act contains a limited waiver of sovereign immunity for tort actions, *see* Md. Code Ann., State Gov't ("State Gov't") § 12-104 (2009), it "clearly limits the state's waiver of immunity to actions brought in the Maryland state courts." *Weller v. Dep't of Social Servs*., 901 F.2d 387, 397 (4th Cir. 1990) (citing *Smith v. Bernier*, 701 F.Supp. 1171 (D. Md. 1988)). Furthermore, the Complaint here fails to allege that plaintiffs complied with the procedural prerequisites for bringing a claim under the Maryland Tort Claims Act within one year after the alleged injury, State Gov't §§ 12-106(b), -107 (a), *Ferguson v. Loder*, 186 Md. App. 707, 975 A.2d 284 (2009), nor that they that they served the State Treasurer as required. State Gov't § 12-108(a).

The statutory tort claims asserting fraudulent transfers are barred by the State's sovereign immunity. MSRPS is an instrumentality of the State for the reasons set forth herein, and the MSRPS's entitlement to sovereign immunity has been recognized by

several courts. *See*, Exs. 1-3. Maryland's legislature has not authorized the claims asserted against MSRPS in the Complaint, and no waiver of sovereign immunity exists. Accordingly, the Complaint against MSRPS should be dismissed.

**CONCLUSION**

The Complaint against MSRPS should be dismissed because Eleventh Amendment and state sovereign immunity bar the claims. Accordingly, for all of the reasons stated herein, MSRPS respectfully requests that the Court grant its Motion and enter an Order dismissing the Complaint with prejudice.

Respectfully submitted,

DOUGLAS F. GANSLER
Attorney General of Maryland

/s/
JOHN J. KUCHNO
Federal Bar No. 04211

Assistant Attorney General
Office of the Attorney General
200 St. Paul Place, 20th Floor
Baltimore, Maryland 21202
Telephone: (410) 576-6441
Facsimile: (410) 576-6955
Email: jkuchno@oag.state.md.us

Attorneys for Defendant, the Maryland State Retirement and Pension System

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of December, 2011, a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record who have appeared in this case.

______________________________
John J. Kuchno
Assistant Attorney General