

**ORDERED in the Southern District of Florida on February 17, 2011.**

Paul G. Hyman, Chief Judge
United States Bankruptcy Court

___

```
           UNITED STATES BANKRUPTCY COURT
            SOUTHERN DISTRICT OF FLORIDA
               West Palm Beach Division

In re:                              Case No.: 08-29769-BKC-PGH
GINN-LA ST. LUCIE LTD.,             All Cases Jointly Administered
LLLP, et al.,
     Debtors.                       Chapter 7
_____/

In re:
GINN-LA QUAIL WEST LTD.,
LLLP, et al.,
     Debtors.
_____/

Drew M. Dillworth, Trustee,
     Plaintiff,                     Adv. Proc. No.: 10-2976-PGH

          vs.

Edward R. Ginn III, et al.,
     Defendants.
_____/
```

**ORDER GRANTING IN PART AND DENYING WITHOUT PREJUDICE IN PART THE SOVEREIGN INVESTORS' MOTION TO DISMISS**

**THIS MATTER** came before the Court upon the Sovereign

Investors' Motion to Dismiss (the "Motion") (D.E. #173).

### A. *The Sovereign Investors' Motion & the Trustee's Response*

Movants, six self-described "Sovereign Investor" defendants, seek dismissal of Drew M. Dillworth's (the "Trustee") *Third Amended Complaint For Avoidance and Recovery of Fraudulent Transfers* (D.E. #163), on the basis that they are each entitled to sovereign immunity or governmental immunity. Sovereign immunity is claimed by the following defendants: 1)Maryland State Retirement and Pension System ("MSRPS"); 2) Commonwealth of Pennsylvania State Employees' Retirement System ("SERS"); and 3) Commonwealth of Pennsylvania Public School Employees' Retirement System ("PSERS") (collectively, the "State Retirement Fund Defendants"). Governmental immunity is claimed by the other moving defendants: 1) Prince George's County Fire Service Pension Plan; 2) Prince George's County Police Pension Plan; and 3) City of Philadelphia Sinking Fund Commission, Trustee for the Philadelphia Gas Works Retirement Reserve Fund (collectively, the "City and County Retirement Fund Defendants"). Movants rely on this Court's *Order Granting the Regents of the University of Michigan's Motion to Dismiss the Second Amended Complaint* ("Order") (D.E. #155) as authority for the relief requested.

The Trustee's Response incorporates by reference his *Memorandum in Opposition to the Regents of the University of Michigan's Motion to Dismiss the Second Amended Complaint* and urges

dismissal of the Sovereign Investors' Motion. Nevertheless, the Trustee's Response "concedes, however, that if the Court is inclined to adhere to the Conclusions of Law expressed in its Order Granting the Regents of the University of Michigan's Motion to Dismiss the Second Amended Complaint, those Conclusions of Law would apply equally to the 'Sovereign Investor' Defendants."

### B.   *The Court's Order*

The Order Granting the Regents of the University of Michigan's Motion to Dismiss closely examined *Central Va. Cmty. College v. Katz*, 546 U.S. 356, 126 S.Ct. 990 (2006), wherein the Supreme Court found that "States agreed in the plan of Convention not to assert any sovereign immunity defense they might have had in proceedings brought pursuant to 'Laws on the subject of Bankruptcies'". *Id.* at 377-378, S. Ct. at 1004-1005. The *Katz* Court determined that states could not raise the defense of sovereign immunity in a suit against a state seeking to avoid a preferential transfer pursuant to 11 U.S.C. § 547. In making this determination, the *Katz* Court relied on the Bankruptcy Clause,  Article I, § 8, cl. 4 of the Constitution, which "provides that Congress shall have the power to establish 'uniform Laws on the subject of Bankruptcies throughout the United States'" *Id.* at 359, 126 S. Ct. at 994. In *Katz*, the Court reviewed the "history of the Bankruptcy Clause, the reasons it was inserted in the Constitution, and the legislation both proposed and enacted under its auspices immediately following ratification of the Constitution" to find that "it was intended not

-3-

just as a grant of legislative authority to Congress, but also to authorize limited subordination of state sovereign immunity in the bankruptcy arena." *Id.* at 362-363, 126 S.Ct. at 996.

In this case, the Trustee seeks to avoid allegedly fraudulent transfers pursuant to Florida law by virtue of 11 U.S.C. § 544(b). Because § 544(b) permits a trustee to invoke the substantive rights of an unsecured creditor under one of the fifty State's applicable laws, the Order found that § 544(b) was not a uniform law on the subject of bankruptcies as contemplated by the Bankruptcy Clause for which the States agreed not to assert the defense of sovereign immunity.

The Sovereign Investor Defendants rely upon that Order to assert that, just like the Regents of the University of Michigan, they are also immune from the Trustee's suit. For the reasons that follow, the Court finds that the State Retirement Fund Defendants are entitled to assert sovereign immunity. However, the City and County Retirement Fund Defendants have not met their burden to show that they are entitled to the relief requested.

C.  ***State Retirement Fund Defendants***

The *Katz* Court noted that only "arms of the State" are entitled to sovereign immunity. *Id.* at 360, 126 S.Ct at 994; *see also Alden v. Maine,* 527 U.S. 706, 756, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999) (observing that only arms of the State can assert the State's immunity). Each of the State Retirement Fund Defendants

have been judicially determined to be arms of the State. *See Bd. of County Comm. of Carroll County v. State Ret. and Pension Sys. of Maryland*, Case No. C-2001-34414,(Maryland Cir. Court 2002) (determining that MSRPS is an instrumentality and an arm of the State); *Flesch v. E. Pennsylvania Psychiatric Inst.*, 434 F.Supp. 963, 977 (E.D. Pa. 1977)(determining SERS is an arm of the State); *Gannon Tech. v. Unisys Corp. and the Pennsylvania Public School Employees' Ret. Bd.*, Case No 4:01-CV-87, at *11 (E.D. Mo. 2003) (determining that PSERS is an arm of the State). The State Retirement Fund Defendants, having each been found to be an arm of their respective States, are entitled to assert sovereign immunity. The reasoning set forth in the Court's Order applies to the State Retirement Fund Defendants. Accordingly, the Court will dismiss the Trustee's Third Amended Complaint as to these entities for the same reasons the Court dismissed the Regents of the University of Michigan as a defendant in this action.

**D.    *The City & County Retirement Fund Defendants***

The narrow holding in the Court's Order is based upon state sovereign immunity, not governmental immunity which was asserted by the City and County Retirement Fund Defendants. It is error to conflate sovereign immunity and governmental immunity. *See e.g. Duffy v. Freed,* 2010 WL 3740659 at *3 (D.N.J. 2010). Sovereign "immunity does not extend to suits prosecuted against a municipal corporation or other governmental entity which is not an arm of the

State." *Alden v. Maine*, 527 U.S. 706, 756, 119 S.Ct. 2240, 2257 (1999). The general rule is that Eleventh Amendment[1] immunity "does not extend to counties, municipal corporations or other political subdivisions of the state." *In re Polygraphex Sys., Inc.* 275 B.R. 408, 412 (Bankr. M.D. Fla. 2002)(citations omitted). In addition, the Court notes that the *Katz* Court declined to rule on the constitutionality of 11 U.S.C. § 106(a) as applied to the States, determining instead that §106(a) was unnecessary to establish the Bankruptcy Court's jurisdiction over the subject preference avoidance proceedings, because in joining the plan of convention, the States agreed not to assert sovereign immunity in bankruptcy proceedings. While § 106(a) has been deemed to be unnecessary as applied to the States, the Court is unaware of any such issue regarding its application to non-State governmental units.

The City and County Retirement Fund Defendants have the burden of establishing that they are arms of the State that are entitled to sovereign immunity from this suit. *See Carter v. City of Philadelphia*, 181 F.3d 339 (3d Cir. 1999)(*citing Christy v. Pennsylvania Turnpike Commission*, 54 F.3d 1140, 1144 (3d Cir.1995) ("[T]he party asserting Eleventh Amendment immunity . . . bears the burden of proving its applicability."). Courts in the Third

---

[1] Cases construing Eleventh Amendment immunity guide the Court in determining the contours of sovereign immunity. *Katz* found that "history strongly supports the view that the Bankruptcy Clause of Article I, the source of Congress' authority to effect this intrusion upon state sovereignty, simply did not contravene the norms this Court has understood the Eleventh Amendment to exemplify." *Id.* at 375, 126 S.Ct. at 1003.

Circuit, for example, consider three factors to determine if an entity is an arm of the state entitled to assert sovereign immunity: (1) the source of funding- *i.e.*, whether payment of any judgment would come from the state's treasury, (2) the status of the agency/individual under state law, and (3) the degree of autonomy from state regulation. *Id.* at 348 (finding Philadelphia District Attorney's office was not an arm of the State) (*citing Fitchik v. New Jersey Transit Rail Operations*, 873 F.2d 655 (3d Cir. 1989)(reformatting Third Circuit test from nine factor inquiry to three factor inquiry)). The factors are not weighed evenly. The Third Circuit has twice held that "the 'most important' question in determining Eleventh Amendment immunity is 'whether any judgment would be paid from the state treasury.'" *Id.* at 348 (*citing Bolden v. Southeastern Pennsylvania Trans. Auth.*, 953 F.2d 807, 816 (3d Cir.1991)).

    The Motion and the Response are devoid of any analysis showing that the City and County Retirement Fund Defendants are or are not arms of the State entitled to assert the defense of sovereign immunity in this action. The Motion's assertion that the City and County Retirement Fund Defendants are entitled to assert governmental immunity is irrelevant to the analysis and narrow holding of this Court's Order. To prevail here, these defendants must show that they are arms of their respective States that are immune from the Trustee's § 544 claims.

## CONCLUSION

For the reasons stated above, the Court finds that the State Retirement Fund Defendants may assert the defense of state sovereign immunity to the Trustee's claims, and the Court dismisses the Complaint as to the State Retirement Fund Defendants. However, the City and County Retirement Fund Defendants have not met their burden to show that they are arms of the State who are entitled to assert sovereign immunity.

## ORDER

The Court, having reviewed the submissions of the parties, the applicable law, and being otherwise fully advised in the premises, does hereby **ORDER AND ADJUDGE** that:

1. The Sovereign Investors' Motion to Dismiss is **granted in part and denied without prejudice in part**.

2. The Sovereign Investors' Motion is **granted** to the extent that the State Retirement Fund Defendants: i)Maryland State Retirement and Pension System; ii) Commonwealth of Pennsylvania State Employees' Retirement System; and iii) Commonwealth of Pennsylvania Public School Employees' Retirement System; are dismissed as defendants from this adversary proceeding.

3. The Sovereign Investors' Motion is **denied without prejudice** as to the City and County Retirement Fund Defendants: i)Prince George's County Fire Service Pension Plan; ii) Prince George's County Police Pension Plan; and iii) City of Philadelphia Sinking Fund Commission. The City and County Retirement Fund Defendants have not met their burden to show that they are entitled to assert the defense of sovereign immunity in this adversary proceeding.

4. The hearing on the Sovereign Investors' Motion to Dismiss that had been set for February 24, 2011 at 9:30 a.m. is canceled.

###

Allan E. Wulbern, Esq.
Harold Moorefield, Esq.

Mr. Wulbern shall serve a copy of this Order on any party in interest to this adversary proceeding who does not receive electronic service.