| | |
|---|---|
| BOARD OF COUNTY COMMISSIONERS OF CARROLL COUNTY | IN THE |
| | CIRCUIT COURT |
| v. | FOR |
| STATE RETIREMENT AND PENSION SYSTEM OF MARYLAND, et al | CARROLL COUNTY |
| | CASE NO. C-2001-34414 |

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on Defendant's Motion to Dismiss the Plaintiff's Complaint for Declaratory Judgment.  After hearing argument of counsel, the Court held the matter *sub curia* to review the information before it.

## FACTS

The Plaintiff in this matter is the Board of County Commissioners of Carroll County (hereinafter, "the County").  The Defendants (hereinafter, "the State") are the State Retirement and Pension System (hereinafter, "the System"), the Board of Trustees of the State Retirement and Pension System, and the State Retirement Agency.

For many years, the County was a participating governmental unit in pursuant to the provisions of former Article 73B of the Annotated Code of Maryland.  The State argues that the County is still a participating governmental unit.  The County argues that upon withdrawal of its employees, it is no longer covered by the

definition.

For the time during which both parties agree that the
County was a participating unit, the System was controlled
by the provisions of former Article 73B of the Annotated
Code of Maryland. Sections 28 and 138 of the article
provided that a participating unit that withdrew employees
"shall pay all administrative costs involved in such
withdrawal or re-entry." Effective July 1, 1985, the
legislature repealed Art. 73B, §28 and §138 and replaced
them with Art. 73B, §168. Section 168 included language
that added a withdrawal liability contribution to be paid
by a municipal corporation for each employee withdrawn from
the system without his or her consent. The State defines
withdrawal liability as a participating governmental unit's
"continuing obligation to pay its share of funding for the
retirement and pension benefits owed to those employees and
former employees who remained participants in the State
Retirement System after Carroll County withdrew.

The County withdrew its employees from the System as
of June 30, 1985 and later, on January 5, 1987, entered
into a Final Agreement and Release with the System, which
stated that the effective date of withdrawal was 11:59
p.m., June 30, 1985. The County contends that no
withdrawal liability contribution was included in the
agreement and because the date of withdrawal was prior to

2

enactment of the new Article creating the liability, the County is not required to make any such payments.

## STANDARD OF REVIEW

The purpose of the motion to dismiss is to have a legal question decided before trial of the action on its merits. *Irvine v. Montgomery County*, 239 Md. 113, 210 A.2d 359 (1965). In ruling on a motion to dismiss, a trial court must assume the truth of all well-pleaded facts and all inferences that can reasonably be drawn from them. *Simms v. Constantine*, 113 Md. App 291(1997). The court then must decide whether the well-pleaded allegations of fact in the complaint reveal any set of facts that would entitle the plaintiff to relief. *Edwards v. First Nat. Bank of North East*, 122 Md. App. 96 (1998).

Courts have power to declare rights, status, or other legal relations under contracts when the judgment or decree will terminate a controversy or remove an uncertainty. *Porcelain Enamel & Mfg. Co. v. Jeffrey Mfg. Co.*, 177 Md. 677, 11 A.2d 451 (1940). However, declaratory relief should not be granted where it would not serve a useful purpose or terminate a controversy. *Liss v. Goodman*, 224 Md. 173, 167 A.2d 123 (1961). It is a longstanding principle that a party ordinarily may not pursue a

3

declaratory or injunctive action in circuit court until it
has exhausted any available administrative remedies created
by the General Assembly.  *Abington Center Associates
Limited Partnership v. Baltimore County*, 115 Md. App. 580,
694 A.2d 165 (1997).  Two exceptions to the rule requiring
exhaustion of administrative remedies have been recognized:
the first permits an aggrieved party to seek judicial
relief where the constitutionality of the statute under
which the administrative agency is acting is challenged;
the second permits a party to eschew administrative
resolution where there exists no administrative remedy or
where the administrative remedy provided is inadequate.
*Baltimore County v. Maryland Department of Assessments &
Taxation*, 47 Md. App. 88, 421 A.2d 993(1980).

## DISCUSSION

The State has asked the Court to Dismiss the Complaint
for Declaratory Judgment, stating that sovereign immunity
barrs suit, leaving the County with only the administrative
process provided within the State Pension Article through
which to seek a remedy.  The County argues that the
doctrine of sovereign immunity does not apply in this
situation because 1) the County is not seeking tort damages
or a money judgment and 2) the State has characterized the
suit as a contract dispute, which is not barred by

4

sovereign immunity.

As to administrative remedies, the County argues that it is not required to exhaust the remedies prior to filing for declaratory judgment because 1) the issue before the Court is one of statutory interpretation, which is not within the province of the administrative agency; 2) the exhaustion doctrine does not apply to complaints for declaratory judgments; and 3) the characterization of the dispute as "intra-governmental dispute" is improper and was only described as such by the defendant's in an attempt to keep the parties within the administrative agency.   The County argues that the Circuit Court is better equipped to handle the determination of rights in this case than the agency whose own rights are "inextricably intertwined" within the dispute.

It is well established in Maryland that the State may not be sued unless there is specific legislative authority to do so and an appropriation by the legislature for the payment of a judgment. *Davis v. State*, 183 Md. 385, (1994).   This immunity includes suits for declaratory judgment. *Wiggins v. State*, 22 Md. App. 291 (1974)(citations omitted).   The Court is unable to ignore the ruling in *Davis* and neither of the two arguments made by the Plaintiff for finding the doctrine inapplicable are compelling.

First, the County argues that it is not seeking tort damages or a money judgment of any kind. The nature of a declaratory judgment suit is such that a party is never seeking a monetary award. A declaratory judgment action is meant to determine the rights of a party under existing law. In *Davis*, the moving party sought a declaration as to his right, as a doctor, to advertise in light of a statute prohibiting certain types of advertisements by medical doctors. As in this case, the determination of Davis's rights would have a direct affect on monetary concerns, but he was not seeking a monetary judgment *per se*. The *Davis* Court granted the motion to dismiss.

The County next argues that the Defendant has characterized the dispute as contractual for which sovereign immunity is not a defense. There are several deficiencies in this argument. First, as the State points out, §12-201(a) of the State Government Article waives immunity in a contract action, but this is not a contract action. Whether or not the State relies on a contract to defend its position does not transform a complaint for declaratory judgment, in which rights may be affected by a contract, into a contract action. Second, as the State asserts, they have not yet answered the complaint. Therefore, no defense to the substantive issues has yet been set forth. Finally, even if reference to the contract

6

could be considered an assertion of a defense, case law
presented by the State is convincing in support of the
theory that since the statute must be strictly construed,
the Court is unable to expand the waiver of immunity to
suits in which the State's defense is based upon a
contract. *Department of Public Safety & Correctional
Services v. ARA Health Services, Inc.*, 107 Md. App 445,
(1995)(citation omitted); *Central Collection Unit v. DLD
Associates L.P.,* 112 Md. App. 502 (1996). If the courts in
the two previously cited ruling would not construe the term
contract to include oral or implied contracts, this Court
cannot now construe "an action based upon a contract claim"
to include an action in which a contract is the basis of a
defense.

For the foregoing reasons, the motion to dismiss is
granted.

The granting of the motion *sub judice* negates the need
to address the issues set forth regarding exhaustion of
administrative remedies. However, the Court notes that the
State's arguments on this topic were also compelling. The
Court believes that there are administrative remedies
available to the County regardless of whether or not it is
defined as a participating governmental unit. Upon a final
decision by the Board of Trustees of the State Retirement
and Pension System, and not just the opinion of the

Secretary, the County is free to appeal any decision it feels is improper by way of a petition for judicial review.

## ORDER

It is this 29th day of March, 2002, by the Circuit Court for Carroll County, hereby

**ORDERED**, that the Defendant's Motion to Dismiss be, and hereby is, **GRANTED**.

JUDGE RAYMOND E. BECK, SR.

TRUE COPY TEST
CLERK
4-1-02    DATE

8