GEORGE MICHAEL JACOBS     \*     IN THE
      Plaintiff

                          \*     CIRCUIT COURT

      v.                    \*     FOR

STATE RETIREMENT AGENCY     \*     ANNE ARUNDEL COUNTY
OF MARYLAND, et al.
      Defendants             \*     Case No: C-2004-96477

    \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

This matter was before the Court on July 15, 2004. The Court heard oral arguments presented by counsel on Defendant's Motion to Dismiss. The matter was held *sub curia*. For the following reasons, Defendant's Motion to Dismiss is granted.

## FACTUAL BACKGROUND

This case involved the Deferred Retirement Option Program (hereinafter "DROP") for members of the State Police Retirement System of Maryland (hereinafter "SPRS"). Pursuant to Md. Code Ann., State Personnel & Pensions, §24-401.1, an eligible SPRS member can continue working and receiving a salary, while also receiving a monthly retirement payment. The retirement payment, including interest, is deposited into the DROP until the entire benefit is paid at the end of the eligible member's DROP participation period. Participation in the DROP is regulated by statute in Maryland. A member is eligible only if the member has at least twenty two (22) years and less than twenty eight (28) years of eligibility, pursuant to Md. Code Ann., State Personnel & Pensions, §24-401.1(c)(1)(I).

On July 1, 2004, George Michael Jacobs (hereinafter "Plaintiff") requested participation in the DROP. On that date, Plaintiff had earned or purchased a total of three hundred thirty six (336)

months, or twenty eight (28) years of service credit in the SPRS. *See Plaintiff's Exhibit C.* Plaintiff's request to participate in the DROP was denied and Plaintiff appealed the State Retirement Agency decision, in accordance with the Administrative Procedure Act.   A hearing was held and Plaintiff was notified by a letter, dated June 15, 2001, his request was denied.  Pursuant to Md. Code Ann., State Govt., §10-222, Plaintiff had thirty days to appeal the Agency's decision, but failed to do so.   In March 2004, Plaintiff, *pro se,* filed this lawsuit arguing, *inter alia,* Defendants discriminated against him because of his age when not allowing his participation in the DROP.

## STANDARD OF REVIEW

Pursuant to Maryland Rule 2-322(b), a court may dismiss an action for failure to state a claim upon which relief can be granted.   A Motion to Dismiss lies where there is no justiciable controversy. *Broadwater v. State,* 303 Md. 461 (1985).  In considering the Motion, the Court must assume the truth of all relevant and material facts that are well-pleaded and all inferences which can be reasonably drawn from those pleadings. *Bennett Heating and Air Conditioning, Inc. v. Nations Bank,* 103 Md. App. 749 (1995); *Stone v. Chicago Title Insurance Co.,* 330 Md. 329, 333 (1993). When moving to dismiss, a defendant asserts the plaintiff is not entitled to relief as a matter of law, even if the allegations are true. *Lubore v. RPM Associates,* 109 Md. App. 312, 322 (1996).  In the context of a Motion to Dismiss, it is clearly inappropriate for the judge to make a finding of fact. *Morris v. Osmose Wood Preserving,* 99 Md. App. 646 (1994). Dismissal is proper only if the alleged facts and permissible inferences so viewed would, if proven, nonetheless fail to afford relief to the plaintiff. *Bobo v. State,* 346 Md. 706, 709 (1997) (citing *Morris v. Osmose Wood Preserving,* 340 Md. 519, 531 (1995)).

## DISCUSSION

Defendants' filed a timely Motion to Dismiss arguing Plaintiff's age discrimination claim under the ADEA is barred by sovereign immunity. Defendants further argued Plaintiff's Complaint must be dismissed because he failed to exhaust his administrative remedies. These arguments are discussed below.

I.    **Plaintiff's Age Discrimination Claim under the ADEA is barred by sovereign immunity.**

Plaintiff argued Defendants' denial of his request to participate in the DROP was "a direct violation of the Federal Age Discrimination in Employment Act" (hereinafter "ADEA"). Defendants' argued this claim should be dismissed because it is barred by sovereign immunity, relying on two Supreme Court cases.

In *Kimel v. Florida Bd. Of Regents*, 120 S. Ct. 631 (2000), the Supreme Court held, with respect to the ADEA, "Congress did not validly abrogate the States' sovereign immunity to suits by private individuals." *Id.* at 650. The Court further explained age is not a suspect classification, like race or gender, therefore the ADEA does not apply to the states via the Fourteenth Amendment because Congress cannot waive the states' sovereign immunity. *Id.* at 645-46.

In addition, the Supreme Court ruled in *Alden v. Maine*, 119 S. Ct. 2240 (1999), sovereign immunity bars a plaintiff from bringing an ADEA claim in state court. *Id.* at 2246. The Court of Appeals of Maryland ruled sovereign immunity protects the public treasury, as well as the State and its agencies against expensive litigation. *State v. Hogg*, 311 Md. 446, 455 (1998). The State may only be sued if legislative authority is given which abrogates the State's sovereign immunity. *Davis v. State*, 183 Md. 385, 393 (1944); *Wiggins v. State*, 22 Md. App. 291, 295 (1974), *aff'd*, 275 Md.

689 (1975).

In the instant case, given the standard for a Motion to Dismiss, and the above law, Plaintiff is not entitled to relief as a matter of law.  Even if Plaintiff's allegations were true, the State is protected by sovereign immunity from being sued, except in situations specifically authorized by the Legislature.

## II.     Plaintiff's Complaint must be dismissed because he failed to exhaust his administrative remedies.

Defendants argued, even if Plaintiff's ADEA claim was cognizable, dismissal is still appropriate because Plaintiff failed to follow "the statutorily prescribed process for asserting his claim." *Defendant's Motion to Dismiss*, p. 4.  Defendants argued Plaintiff failed to follow the process under the ADEA and under the Maryland Administrative Procedures Act.

Regarding the ADEA process for appeal, a complaint must be filed with the Equal Employment Opportunity Commission within 180 days of the unlawful practice in question.  In addition, a private cause of action may not be filed until sixty (60) days after filing the administrative charge. 29 U.S.C §626(d)(1).  In the instant case, Plaintiff failed to exhaust administrative remedies, as required by statute.  In fact, there are no assertions in Plaintiff's pleadings setting forth facts regarding his efforts to file an EEOC claim.  For these reasons, given the standard for a Motion to Dismiss, Plaintiff's failure to follow the administrative remedies procedure prevents him from being entitled to relief, as a matter of law.

Defendants further argued Plaintiff's claim was barred under the Maryland Administrative Procedures Act.  While Plaintiff filed an appeal of the Agency's decision, he failed to file a petition for judicial review of the final administrative decision denying his participation in the DROP,

pursuant to Md. Code Ann., State Govt, §10-222.  Therefore, Plaintiff is not entitled to relief as a matter of law.

## CONCLUSION

Plaintiff's claim is wrought with substantive and procedural defects.  Substantively, the State is immune from suit under the doctrine of sovereign immunity, unless suit is specifically authorized by the Legislature.  The Legislature has not authorized suit under the circumstances presented in this case.  Procedurally, Plaintiff failed to follow statutory administrative procedures by failing to file a claim with the EEOC and by failing to appeal for judicial review within the mandated time frame.  For these reasons, Plaintiff is not entitled to judgment, or relief, as a matter of law.  Therefore, Defendants' Motion to Dismiss is granted.

JOSEPH P. MANCK, Judge

DATE: August 16, 2004

Copies to:

George Michael Jacobs (pro se)
Betty S. Sconion, Esq.
Rachel S. Cohen, Esq.

| | | |
|---|---|---|
| **GEORGE MICHAEL JACOBS** | * | **IN THE** |
| Plaintiff | | |
| | * | **CIRCUIT COURT** |
| **v.** | * | **FOR** |
| **STATE RETIREMENT AGENCY** | * | **ANNE ARUNDEL COUNTY** |
| **OF MARYLAND, et al.** | | |
| Defendants | * | **Case No: C-2004-96477** |

   *     *     *     *     *     *     *     *     *     *     *

## ORDER

The Court, having considered the pleadings and oral arguments presented regarding Defendants'

Motion to Suppress, and the pertinent law, it is, this _11_ day of August 2004,

    **ORDERED** Defendants' Motion to Dismiss is hereby GRANTED.

 

 

_____
JOSEPH P. MANCK, Judge

Copies to:

George Michael Jacobs (pro se)
Betty S. Sconion, Esq.
Rachel S. Cohen, Esq.

-1-